UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC, a California corporation; and ROOR INTERNATIONAL BV, a Foreign Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOHINDER SINGH A/K/A MOHINDER SINGH NAHAL, et al.,<br><br>Defendants. | No. 2:18-cv-2025 KJM DB<br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the undersigned on October 19, 2018, pursuant to Local Rule 302(c)(19), for hearing of plaintiffs' motion for default judgment. (ECF No. 12.) Attorney Imran Vakil appeared on behalf of the plaintiffs. No appearance was made by, or on behalf of, any defendant. At that time, oral argument was heard and the motion was taken under submission.

Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted as explained below.

**BACKGROUND**

Plaintiffs Sream, Inc., ("Sream"), and RooR International BV ("RIBV"), commenced this action on July 24, 2018, by filing a complaint and paying the required filing fee. (ECF No. 1.)

1

The complaint alleges generally as follows. Plaintiff RIBV is incorporated in the Netherlands and holds the trademark for RooR branded water pipes. (Id. at 3.[1]) Plaintiff Sream is a California corporation and exclusive licensee for RooR trademarked products. (Id. at 3-5.)

The RooR brand is "the premier manufacturer of glass water pipes by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles which facilitate a superior smoking experience." (Id. at 4.) As a result, RooR branded products "are widely recognized internationally and are highly renowned for their ornate and innovative characteristics." (Id.) Sream has marketed and distributed RooR branded products in the United States continuously since 2013. (Id. at 5.)

Defendant Mohinder Singh, ("Singh"), is an individual doing business as "Cigarettes & Tobacco Forever" in a retail shop located in Sacramento, CA. (Id. at 3.) On December 9, 2015, plaintiffs' investigator purchased a counterfeit RooR water pipe from the defendant for $80.50. (Id. at 8.) Plaintiffs' agent inspected the pipe and determined that it was a counterfeit item. (Id.) Neither plaintiff authorized Singh's use of the RooR trademark. (Id.) The counterfeit item is made of substantially inferior materials and uses inferior technology when compared to RooR trademarked items. (Id. at 9.) Based on these factual allegations, the complaint asserts causes of action for trademark infringement, counterfeiting, false designation, and unfair competition. (Id. at 1.)

Plaintiffs filed proof of service on the defendant on August 21, 2018. (ECF No. 4.) On September 3, 2018, plaintiffs filed a request for entry of default. (ECF No. 5.) The Clerk of the Court entered defendant's default on September 5, 2018. (ECF No. 6.) Plaintiffs filed the pending motion for default judgment on September 14, 2018. (ECF No. 8.) Although notice of the motion was served on the defendant, the defendant has not responded in any way. (ECF No. 8-5.)

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**LEGAL STANDARDS**

**I.  Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

////

////

////

////

**ANALYSIS**

**I.  Plaintiffs' Motion for Default Judgment**

    **A.  The Eitel Factors Favor Entry of Default Judgment**

Examining the complaint and plaintiffs' motion for default judgment in light of the Eitel factors, the undersigned finds that overall the Eitel factors weigh in favor of granting plaintiffs' motion for default judgment.

        **1.  Possibility of Prejudice to the Plaintiffs**

The first Eitel factor contemplates the possibility of prejudice to the plaintiffs if a default judgment is not entered. Eitel, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave plaintiffs without a proper remedy. Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing Pepsico, Inc. v. California Security Cans, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010)).

Here, plaintiffs seek monetary damages for defendant's allegedly wrongful conduct, which can only be obtained through a judgment. (Pls.' MDJ (ECF No. 8-1) at 17-19.) Because defendant has refused to defend this action, if default judgment is not entered, plaintiffs would be left without a proper remedy. Accordingly, the first Eitel factor weighs in favor of granting default judgment on behalf of the plaintiffs.

        **2.  Sufficiency of the Complaint and the Likelihood of Success on the Merits**

The second and third Eitel factors are (1) the merits of plaintiffs' substantive claim, and (2) the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. The court considers the two factors together given the close relationship between the two inquiries. Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp.2d 1039, 1055 (2010). These two factors will favor entry of default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. PepsiCo, Inc., 238 F. Supp.2d at 1175; see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

As noted above, the complaint asserts causes of action for: (1) trademark infringement in violation of 15 U.S.C. § 1114; (2) counterfeiting in violation of 15 U.S.C. § 1117; (3) false

designation in violation of 15 U.S.C. § 1125(a); and (4) unfair competition. These "claims are subject to the same test." Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 632 (9th Cir. 2008); see also Moroccanoil, Inc. v. Allstate Beauty Products, Inc., 847 F.Supp.2d 1197, 1201 (C.D. Cal. 2012) ("infringement claims are subject to the same test"); Phillip Morris USA Inc. v. Shalabi, 352 F.Supp.2d 1067, 1072 (C.D. Cal. 2004) ("Despite the existence of three distinct claims before the Court, the essential elements of the federal claims are identical and if met with adequate evidence are sufficient to establish liability under the state law claim as well.").

"[T]he critical determination is 'whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes what product.'" Jada, 518 F.3d at 632 (quoting Brother Records, Inc. v. Jardine, 318 F.3d 900, 908 (9th Cir. 2003)). The likelihood of confusion is evaluated using an eight-factor test.

> Those factors are: (1) strength of the plaintiff's mark/name; (2) proximity of the parties' goods; (3) similarity of the marks/names; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark/name; and (8) likelihood of expansion of product lines.

Accuride Intern., Inc. v. Accuride Corp., 871 F.2d 1531, 1533-34 (9th Cir. 1989).

The complaint establishes plaintiffs' ownership of the trademark and that plaintiffs' brand is distinctive, famous, and superior. Moreover, the defendant's product was not simply similar but a counterfeit version of plaintiffs' product, and used the same marketing channel as the trademarked product. (Compl. (ECF No. 1) at 4-6; Ex. A (ECF No. 1-1) at 2-6.) "When the alleged infringer knowingly adopts a mark similar to another's, we must presume that the public will be deceived." M2 Software, Inc., a Delaware corporation v. Madacy Entertainment, a corporation, 421 F.3d 1073, 1085 (9th Cir. 2005).

Taken as true, the undersigned finds the allegations of the complaint are sufficient and state a meritorious claim. See Sream, Inc. v. Elgawly, CASE NO. CV 16-840-R, 2016 WL 4967710, at *1 (C.D. Cal. Sept. 14, 2016). Accordingly, the undersigned finds that these two factors weigh in favor of granting default judgment.

////

////

5

### 3. Sum of Money at Stake

Under the fourth <u>Eitel</u> factor "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." <u>PepsiCo, Inc.</u>, 238 F.Supp.2d at 1176-77. Where a large sum of money is at stake, this factor disfavors default judgment. <u>Eitel</u>, 782 F. 2d. at 1472. Here, plaintiffs seeks $200,000 in statutory damages plus attorneys' fees and costs. (Pls.' MDJ. (ECF No. 8-1) at 15-16, 21.) As explained below, however, the undersigned will recommend that plaintiffs be awarded significantly less in damages. Therefore, the undersigned finds that this factor does not weigh against granting default judgment.

### 4. Possibility of Disputed Material Facts

The fifth <u>Eitel</u> factor examines whether a dispute exists regarding material facts. <u>Vogel v. Rite Aid Corp.</u>, 992 F. Supp. 998, 1012 (2014) (citing <u>PepsiCo</u>, 238 F. Supp. 2d. at 1177; <u>Eitel</u>, 782 F.2d. at 1471-72). As a result of defendant's default, all well-pleaded factual allegations made by plaintiffs are now taken as true. <u>TeleVideo Systems</u>, 826 F.2d at 917 (citing <u>Geddes</u>, 559 F.2d at 560). Thus, there is no possible dispute of material fact that would preclude the granting of a default judgment in plaintiffs' favor. Accordingly, this factor weighs in favor of granting default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth <u>Eitel</u> factor contemplates whether defendant's default was due to excusable neglect. <u>PepsiCo</u>, 238 F.Supp.2d at 1177; <u>Eitel</u>, 782 F.2d at 1471-72. This factor gives consideration to due process, ensuring that defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." <u>Philip Morris USA, Inc. v. Castworld Productions</u>, 219 F.R.D. 494, 500 (2003) (citing <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)).

Defendant has been repeatedly served with documents related to this action and has not participated. (ECF Nos. 4, 5, 8-5.) Under such circumstances, it does not appear that defendant's default was due to excusable neglect. Accordingly, the undersigned finds that this factor weighs in favor of granting default judgment.

### 6. Policy of Deciding Cases on the Merits

The seventh <u>Eitel</u> factor emphasizes the "general rule that default judgments are ordinarily disfavored." <u>Eitel</u> 782 F.2d at 1472. "Cases should be decided upon the merits whenever reasonably possible." <u>Id.</u> (citing <u>Pena v. Seguros La Comercial</u>, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). However, defendant's refusal to participate in this action has rendered a decision on the merits impossible. Thus, this factor does not weigh against default judgment.

### B. Terms of Judgment

Having found that granting plaintiffs' motion for default judgment is appropriate, the undersigned must now address the issue of damages. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, plaintiffs' motion for default judgment seeks statutory damages, a permanent injunction, and attorneys' fees and costs, which is consist with the relief sought by the complaint. (Compl. (ECF No. 1) at 16-18; Pls.' MDJ (ECF No. 8-1) at 17-21.)

### A. Statutory Damages

15 U.S.C. § 1117(c) provides:

> In a case involving the use of a counterfeit mark . . . in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--
>
> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

"The district court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." <u>Los Angeles News Service v. Reuters Television Intern., Ltd.</u>, 149 F.3d 987, 996 (9th Cir. 1998); <u>see</u> <u>also</u> <u>Peer Intern. Corp.</u>

v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990) ("The court is guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like.").

Here, plaintiffs seek an award of $200,000 in statutory damages. (Pls.' MDJ (ECF No. 8-1) at 19.) The undersigned finds this amount excessive given defendant's sale of a single counterfeit product for less than $100. Plaintiffs argue that "[b]ecause Defendant has refused to cooperate, it is not possible for Plaintiffs to establish damages with certainty." (Id.) Plaintiffs concede that defendant "probably hasn't sold millions of counterfeit products," but it is nonetheless "clear that it has engaged in the purchase and sale of . . . more than one unit[.]" (Id.)

That is likely true. Plaintiffs, however, could have established that assertion as a fact by making multiple purchases over a period of time. Such multiple sales would have bolstered the damage award sought by plaintiffs, especially if plaintiffs could establish that defendant had been notified of the sale of a counterfeit product but continued to sell such products despite receiving notice.

Moreover, the award sought by plaintiffs is disproportionate to what many courts have awarded in like cases. See, e.g., Sream, Inc. v. Singh, Case No. 1:18-cv-0987 DAD BAM, 2018 WL 5819455, at *9 (E.D. Cal. Nov. 5, 2018) (recommending award of $20,000 under similar facts); Sream, Inc. v. Andy's Smoke Shop, Inc., Case No. 1:18cv1676 MMA (RBB), 2018 WL 5279130, at *6 (S.D. Cal. Oct. 23, 2018) ("Based on the foregoing, the Court awards Plaintiffs statutory damages for one infringed trademark totaling $25,000."); Sream, Inc. v. Walsh, Case No. EDCV 16-2538-JGB (KKx), 2017 WL 8230031, at *6 (C.D. Cal. Feb. 14, 2017) ("Therefore, the Court GRANTS Plaintiff's request for statutory damages and finds an award of $10,000 is appropriate for Walsh's infringement of the RooR Mark for water pipes."); SREAM, INC., Plaintiff, v. THE CANCER SMOKE SHOP, LLC, Defendant., CASE NO. 16-cv-81599-DMM, 2017 WL 7798663, at *3 (S.D. Fla. Jan. 25, 2017) ("In its discretion, the Court finds that $1,000.00 is a sufficient award to deter future sales of counterfeit RooR water pipes by Smoke Shop, while also acknowledging that Smoke Shop sold only a single water pipe to Sream's investigator for $40.").

8

The undersigned finds these cases persuasive and recommends that plaintiffs be awarded $15,000 in statutory damages based on the circumstances present in this action.

### B. Permanent Injunction

15 U.S.C. § 1116(a) provides that courts "have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark[.]" 15 U.S.C. § 1118 provides that "the court may order" items bearing plaintiffs' trademark in defendant's possession "be delivered up and destroyed." "[A]ctual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action." Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc., 736 F.3d 1239, 1249 (9th Cir. 2013) (citations omitted).

A plaintiff seeking a permanent injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391-92 (2006).

Here, defendant's sale of inferior counterfeit products threatens the goodwill associated with the RooR trademark, which can constitute irreparable harm. See Herb Reed Enterprises, LLC v. Fla. Entertainment Management, Inc., 736 F.3d 1239, 1250 (9th Cir. 2013). And harm to plaintiffs' reputation and customer base cannot be remedied by monetary damages alone. Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by the threat of continuing infringement." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180 (9th Cir. 1988). Moreover, the injunction sought by plaintiffs would simply prevent defendant from selling counterfeit RooR products and require defendant to deliver to plaintiffs all products bearing an RooR trademark. (ECF No. 8-4 at 11.) Such a requirement benefits the public interest, by eliminating counterfeit products for sale, without unfairly burdening the defendant.

////

Accordingly, the undersigned finds that the relevant factors weigh in favor of granting plaintiffs' request for a permanent injunction.

**C.　Attorney Fees**

Plaintiffs seek an award of $4,835.00 in attorneys' fees and $480 in costs. (Pls.' MDJ (ECF No. 8-1) at 21.) 15 U.S.C. § 1117(a) provides that "in exceptional cases, [the court], may award reasonable attorney fees to the prevailing party." Local Rule 293 sets forth certain requirements for the consideration of attorneys' fees. In this regard, a party seeking an award of attorneys' fees must provide information from which the court can determine:

> (1) the time and labor required of the attorney(s);
>
> (2) the novelty and difficulty of the questions presented;
>
> (3) the skill required to perform the legal service properly;
>
> (4) the preclusion of other employment by the attorney(s) because of the acceptance of the action;
>
> (5) the customary fee charged in matters of the type involved;
>
> (6) whether the fee contracted between the attorney and the client is fixed or contingent;
>
> (7) any time limitations imposed by the client or the circumstances;
>
> (8) the amount of money, or the value of the rights involved, and the results obtained;
>
> (9) the experience, reputation, and ability of the attorney(s);
>
> (10) the "undesirability" of the action;
>
> (11) the nature and length of the professional relationship between the attorney and the client;
>
> (12) awards in similar actions; and
>
> (13) such other matters as the Court may deem appropriate under the circumstances.

Local Rule 293(b) and (c).

Similarly, with respect to costs Local Rule 292 provides:

> Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924.

> The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred.

Local Rule 292(a). Here, although plaintiffs' counsel has submitted a declaration in support of the award of attorneys' fees, the declaration and plaintiffs' briefing fails to comply with the provisions of the Local Rules. (ECF No. 8-2.)

Accordingly, the undersigned recommends that plaintiffs' request for attorneys' fees and costs be denied without prejudice to renewal. See United States for use and benefit of Rexel, Inc. v. Hubzone Corp., No. 2:16-cv-0408 JAM EFB, 2019 WL 1150028, at *5 (E.D. Cal. Mar. 13, 2019) ("ACIC has not submitted an affidavit addressing the criteria listed in Local Rule 293. Accordingly, its requests for attorney's fees shall be addressed in an appropriate motion filed in conformance with Local Rule 293."); Vang v. Lopey, No. 2:16-cv-2172 JAM CMK, 2017 WL 6055771, at *1 (E.D. Cal. Dec. 7, 2017) ("The Court also denied the County's request for attorney's fees twice, most recently based on the County's noncompliance with Local Rule 293(b)."); Beats Electronics, LLC v. Deng, No. 2:14-cv-1077 JAM AC (TEMP) 2016 WL 335833, at *7 (E.D. Cal. Jan. 28, 2016) (recommending denial of request for fees and costs for failure to comply with Local Rules); Johnson v. Wells Fargo Bank N.A., No. 2:10-cv-2839 GEB CKD, 2013 WL 4854790, at *1 (E.D. Cal. Sept. 11, 2013) ("Failure to comply with the local rule governing the filing of motions for attorney's fees is a reason for denial of the motion.").

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' September 14, 2018 motion for default judgment (ECF No. 8), be granted in part;

2. Judgment be entered against defendant Mohinder Singh;

3. Defendant be ordered to pay statutory damages of $15,000 to plaintiffs;

4. Defendant, defendant's agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with defendant be permanently restrained and enjoined from infringing upon the RooR trademark

directly or contributorily, in any manner, including:

    (a) import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit RooR product identified in the complaint and any other unauthorized RooR product, counterfeit, copy or colorful imitation thereof;

    (b) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

4. Defendant be ordered to deliver up to plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the RooR trademarks;

5. Plaintiffs' request for attorneys' fees and costs be denied without prejudice; and

6. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 20, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\sream2025.mdj.f&rs